IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES B. WOOTEN, SR., | ) | |
| | ) | **CONSOLIDATED CASES** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-2508-CM |
| | ) | |
| CERTAINTEED CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| JAMES B. WOOTEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-2520-CM |
| | ) | |
| CERTAINTEED CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This Title VII[1] employment discrimination case comes before the court on the motion **(doc. 36)** of the defendant, CertainTeed Corp., to compel the plaintiff, James B. Wooten, Sr., to respond to discovery seeking information and documents relating to plaintiff's medical condition for the past five years.[2] Defendant also moves for an award of expenses and attorneys' fees incurred in making the motion. For the reasons

---

[1]Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

[2]See Interrogatory 8 of Defendant's First Interrogatories to Plaintiff and Requests 8 and 21 of Defendant's First Requests for Production of Documents to Plaintiff.

O:\ORDERS\08-2508-CM-36.wpd

discussed below, defendant's motion is granted to the extent it seeks to compel discovery and is denied to the extent it seeks an award of expenses and fees.

## I. Motion to Compel

Plaintiff concedes that defendant's discovery requests for his medical records are not "completely irrelevant," given that he is seeking damages for emotional distress.[3] Plaintiff asserts, however, that the requests are not relevant to the extent that they seek information regarding *every* medical issue that plaintiff experienced in a five-year period. Plaintiff argues, "Given that plaintiff is only making a claim for mental pain and suffering, . . . physical ailments are not relevant."[4] Plaintiff further argues that discovery of this information would violate plaintiff's right to privacy.

Defendant counters that "medical and physiological records are relevant to both causation and the extent of damages for a plaintiff claiming emotional pain and suffering."[5] Defendant asserts that the medical records sought will allow defendant to determine whether factors other than the alleged employment action affected plaintiff's mental or emotional health. Defendant contends that plaintiff's privacy concerns are addressed by the protective order entered in this case.

Under Fed. R. Civ. P. 26(b)(1), discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense." Relevancy is broadly

---

[3]Doc. 38 at 2. Moreover, "[p]laintiff does not contend that the five-year temporal scope requested by defendant is unreasonable." *Id.*

[4]*Id.* at 5.

[5]Doc. 36 at 3.

construed for pretrial discovery purposes.  Thus, at least as a general proposition,"[a] request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[6]

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[7]

The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[8]  "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[9]

Courts in this district have consistently held that a plaintiff's medical records and medical information are relevant as to both causation and the extent of the plaintiff's alleged injuries and damages if the plaintiff claims damages for emotional pain, suffering, and mental anguish.[10]  For example, in *Owens*, the court found that

---

[6]*Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001) (citations omitted).

[7]*Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[8]8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2008, at 99 (2d ed. 1994).

[9]*Mackey v. IBM*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[10]*See Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 659–60 (D. Kan. 2004); *Garrett v. Sprint PCS*, No. 00-2583, 2002 WL 181364, at *3 (D. Kan. Jan. 31,

"information on Plaintiff's medical and health care providers and records relating to her medical care, treatment and counseling [were] relevant to the claims she seeks for her 'garden variety' emotional damages under Title VII."[11] The *Owens* court found further that such information and documents were "relevant to the preparation of Defendant's defenses against Plaintiff's emotional distress damages claims because her medical records may reveal stressors unrelated to Defendant that may have affected Plaintiff's emotional well being."[12]

Under the reasoning in *Owens* and the numerous District of Kansas cases cited therein, the court finds plaintiff's medical information relevant both to plaintiff's claims for emotional distress and to defendant's possible defenses against such claims. Plaintiff cites no authority—and the court has found none—for his assertion that medical records relating to his physical (in contrast to mental) health should be precluded from discovery where he seeks damages for emotional distress. Moreover, although plaintiff makes hypothetical arguments about the types of private, highly personal, information that could *potentially* be revealed if he answers the discovery, plaintiff has presented no evidence to meet his burden of showing that the potential harm to plaintiff's privacy

---

2002); *Bennett v. Emerson Tool Co.*, No. 00-2335, 2001 WL 1155301, at *1–2 (D. Kan. May 21, 2001); *Sims v. Unified Gov't of Wyandotte County/Kansas City, Kansas*, No. 99-2406, 2001 WL 1155302, at *3 (D. Kan. May 1, 2001); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997).

[11]*Owens*, 221 F.R.D. at 660. Under this rule, it is not material that "plaintiff has not alleged any extraordinary emotional distress beyond that normally accompanying a wrongful termination." Doc. 38 at 5.

[12]*Owens*, 221 F.R.D. at 660.

*actually* outweighs the relevancy of this information. And, as noted by defendants, plaintiff's privacy is protected to a large extent by the protective order governing discovery in this case (doc. 24).

The court therefore grants defendant's motion to compel plaintiff to fully respond to Interrogatory 8 of Defendant's First Interrogatories to Plaintiff and Requests 8 and 21 of Defendant's First Requests for Production of Documents to Plaintiff. By **August 17, 2009**, plaintiff shall serve upon defendant his supplemental answers to this discovery.

## II. Motion for Expenses and Attorneys' Fees

Defendant moves for an award of costs and attorneys' fees incurred in bringing the motion to compel. Fed. R. Civ. P. 37(a)(5)(A) provides, in relevant part, that when a motion to compel is granted or the requested discovery is provided after the motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the court finds that the opposing party's response or objection was "substantially justified" or that "other circumstances make an award of expenses unjust." "A nondisclosure, response, or objection is 'substantially justified' if it is 'justified to a degree that could satisfy a reasonable person' or where 'reasonable people could differ as to the appropriateness' of the nondisclosure, response, or objection."[13]

---

[13] *Hamner v. Assoc. Wholesale Grocers, Inc.*, No. 07-2314, 2008 WL 917900, at *2 (D. Kan. March 31, 2008) (internal citations omitted).

The court does not find it appropriate to award expenses and fees in this case. Although defendant cites a wealth of persuasive caselaw from the District of Kansas holding that a plaintiff's medical records are discoverable in employment discrimination cases if the plaintiff seeks damages for emotional distress, defendant has cited no dispositive caselaw from the Tenth Circuit on this matter. Plaintiff makes well-reasoned arguments that privacy concerns outweigh the relevancy of medical records showing physical ailments in the instant situation. Although the court did not accept plaintiff's arguments, the court recognizes that reasonable people could differ as to the appropriateness of plaintiff's objections to disclosures. Thus, the court finds plaintiff's objections substantially justified and denies defendant's motion for an award of expenses incurred in bringing the motion to compel.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Defendant's motion (doc. 36) is granted to the extent that defendant seeks an order compelling plaintiff to respond to Interrogatory 8 of Defendant's First Interrogatories to Plaintiff and Requests 8 and 21 of Defendant's First Requests for Production of Documents to Plaintiff. By **August 17, 2009**, plaintiff shall serve upon defendant his supplemental answers to this discovery.

2. Defendant's motion (doc. 36) is denied to the extent that it seeks an award of expenses incurred in bringing the motion to compel.

Dated this 4th day of August, 2009, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge